UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

BENJAMIN FARKAS, JULIE FARKAS, and
SILPAN PATEL,                                              Civil Action 1:16-cv-07357 (RA)

    Plaintiffs,                                        MOTION TO DISMISS, OR IN
v.                                                         THE ALTERNATIVE, MOTION
                                                           FOR MORE DEFINITE
MATERIALS LIFECYLE MANAGEMENT                              STATEMENT
COMPANY f/k/a INTERNATIONAL PAPER
PRODUCTS CORPORATION, et al.

    Defendants.
_____/

Defendant William L. Phillips (hereinafter "Phillips"), by and through his undersigned counsel, moves to dismiss the twelve-count complaint with respect to the claims against him, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, and in the alternative, moves for more definite statement pursuant to Rule 12(e), Federal Rules of Civil Procedure, and as grounds states:

### INTRODUCTORY CONTEXT

Plaintiffs' complaint in the instant matter stems from their respective 2012-2013 early-stage speculative investments in Material Lifecycle Management Company ("MLMC"). Plaintiffs contend that certain "control principals" who were in place in 2012 and 2013 deliberately misled them as to material elements underlying the deal and their investment, the risks involved, etc. and that they were especially vulnerable since they were not accredited investors.

According to the complaint, Phillips' alleged involvement began when he was given a seat on the board of directors of MLMC in February of 2014, years after most of the incidents in the complaint are alleged to have taken place. Of the twelve Counts in the Complaint, only two Counts (Counts Seven and Ten) are directed toward Phillips. Count Seven seeks to allege a claim against

*Farkas v. MLMC, et al.*
Case No.: 1:16-cv-07357
Defendant's Motion to Dismiss
and\or For More Definite Statement
Page 2 of 12

Phillips and others for Breach of Fiduciary Duty. Count Ten seeks to allege a claim for Civil Conspiracy. The Complaint fails to state a claim in either count and must be dismissed.

Furthermore, each and every Count impermissibly incorporates by reference all of the preceding paragraphs (and Counts). This is patently deficient. Plaintiffs' Complaint is a classic example of an impermissible shotgun pleading and as a result the allegations preclude or unreasonably inhibit an accurate answer, make the task of determining appropriate defenses unduly difficult, and will unnecessarily complicate discovery and other pre-trial matters.

Finally, Plaintiffs use the term "Defendants" globally throughout the complaint to allege wrongs allegedly taking place long before Plaintiffs allege Phillips was involved in any respect.

This Motion is supported by the Memorandum of Points and Authorities incorporated herein, and specifically made without waiving other defenses.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR RELIEF.

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and that each averment be "concise, and direct," Fed.R.Civ.P. 8(e)(1). *Simmons v Abruzzo*, 49 F3d 83, 86 (2d Cir 1995). A complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Harper v New York City Hous. Auth.*, 673 F Supp 2d 174, 178 (SDNY 2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

The complaint in this case contains twenty-four pages of allegations, two hundred eight total paragraphs (excluding the prayer), and thirteen causes of action. Of the twenty-four pages, approximately fifteen pages consist of particular factual and historical details that are generally

*Farkas v. MLMC, et al.*
Case No.: 1:16-cv-07357
Defendant's Motion to Dismiss
and\or For More Definite Statement
Page 3 of 12

related to the thirteen causes of action. Almost all of the historical paragraphs in the first fifteen pages contain multiple sentences and thus, contain multiple assertions.

Some of the paragraphs contain unnecessary editorializing and irrelevant and superfluous facts. Instead of "short and plain," the complaint allegations against Phillips are convoluted, self-contradictory and insufficient to put him on notice of the nature of the claims against him. "'The complaint is anything but simple, concise and direct as required by Rule 8 of the Federal Rules of Civil Procedure. 'It is indeed a veritable compendium of prolixity.'" *Ames v. Assoc. Musicians of Greater N.Y., Local 802*, 251 F. Supp. 80 (S.D.N.Y. 1966) (*internal citations omitted*).

Of the twelve Counts in Plaintiffs' Complaint, only two are directed toward Phillips, Count Seven for Breach of Fiduciary Duty and Count Ten for Civil Conspiracy, neither of which has been pled sufficiently to state a claim upon which relief can be granted as to Phillips. Plaintiffs' Complaint must therefore be dismissed.

### A. Breach of Fiduciary Duty

In New York, the elements of a claim for breach of fiduciary duty are "breach by a fiduciary of a duty owed to plaintiff; defendant's knowing participation in the breach; and damages." *Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 372, 415 (S.D.N.Y. 2010).

As stated by this Court in *Williams v. City of New Rochelle*, 13-CV-3315 NSR, 2014 WL 2445768, at *1 (S.D.N.Y. 2014):

> On a motion to dismiss for "failure to state a claim upon which relief can be granted," Fed.R.Civ.P. 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); accord *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir.2010). "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not

*Farkas v. MLMC, et al.*
Case No.: 1:16-cv-07357
Defendant's Motion to Dismiss
and\or For More Definite Statement
Page 4 of 12

bound to accept as true a legal conclusion couched as a factual allegation.' "*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. "When there are well-pleaded factual allegations in the complaint, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. A claim is facially plausible when the factual content pleaded allows a court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Williams v. City of New Rochelle,* 13-CV-3315 NSR, 2014 WL 2445768, at *2 (S.D.N.Y. 2014) (*Internal citations omitted*).

"Ultimately, determining whether a complaint states a facially plausible claim must be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (*Internal citations omitted)* "When determining the plausibility of a complaint, in addition to allegations in the complaint itself, the Court may consider documents attached as exhibits and documents incorporated by reference in the complaint." *Id*. (*Internal citations omitted).*

Here, when the legal conclusions in the complaint are disregarded, it is clear the Plaintiffs' Complaint fails to set out facts that establish Plaintiffs are entitled to relief against Phillips for breach of fiduciary duty. There are <u>no factual</u> allegations identifying <u>any action</u> taken by Phillips against the Plaintiffs which, if true, would support a claim that Phillips knowing participated in a breach of his fiduciary duty to Plaintiffs or damages arising from the alleged breach. *See*, *Anwar v. Fairfield Greenwich Ltd*., 728 F. Supp. 2d 372, 415 (S.D.N.Y. 2010) (Elements of a claim for breach of fiduciary duty are breach by a fiduciary of a duty owed to plaintiff; defendant's knowing participation in the breach; and damages.).

*Farkas v. MLMC, et al.*
Case No.: 1:16-cv-07357
Defendant's Motion to Dismiss
and\or For More Definite Statement
Page 5 of 12

Indeed, the only factual statements made by Plaintiffs which are clearly about Phillips are found in paragraphs twenty-three[1], seventy-six[2], eighty-eight[3] and ninety-seven.[4] There are two additional paragraphs – one hundred six and one hundred seven – which allege in a conclusory manner, grouping Phillips in with the other Defendants without any actual facts alleged against Phillips himself, the following:

> 106. Upon information and belief, Defendants Woicik, Roche, Phillips and Colussy have wrongfully allowed Defendant Dupuis to retain MLMC assets for his own personal use. Upon information and belief, Dupuis is currently utilizing the property formerly used as an MLMC plant in Westfield, Massachusetts for a marijuana cultivation operation.
>
> 107. Defendants Dupuis, Woicik, Roche, Phillips, and Colussy were or are officers, directors, and or managers of MLMC and are therefore control persons. In their respective positions as control persons, these defendants directed and controlled, directly or indirectly, the management and actions of the defendant entity, and therefore they are personally liable, jointly and severally with and to the same extent as the other defendants. In addition, the conduct by the individual Defendants described herein was done in their capacity as officers and directors on behalf of, and to the benefit of, MLMC. MLMC accepted these benefits.

"Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Integrated Sys. & Power, Inc. v. Honeywell Intern., Inc.*, 713 F. Supp. 2d 286, 290 (S.D.N.Y. 2010), citing to *Bell Atlantic Corporation v. Twombly*, 550 U.S.544, 555-6 n.3 (2007).

---

[1] "William L. Phillips ("Phillips") is an MLMC Board Member and major investor. Upon information and belief, Phillips is a close associate of Roche, and is an investor in Bohicket MLMC, LLC. Upon information and belief, Phillips is a citizen and resident of Massachusetts."

[2] "In the same January 22, 2014 communication, Dupuis announced that MLMC's Board of Directors would be installed beginning in February 2014. The Board would consist of five members: Dupuis, Woicik, Roche, Phillips and Murphy."

[3] "The October 2, 2014 letter also noted that the Board of Directors now consisted of the following 5 members – Dupuis, Woicik, Phillips, Roche, and a fifth seat: 'it is anticipated this seat will be filled with one of the lenders participating in the Third Bohicket Loan' ("Bohicket 3"). The terms of the deal were not disclosed in this communication, or in any other communication sent from MLMC leadership to all shareholders.

[4] "In an April 26, 2016 communication to all MLMC shareholders, Phillips accused Dupuis of mismanaging MLMC's finances, and ceding control of the company to Roche 'as the only member of Bohicket and sole decision maker regarding all financial matters.' Phillips' email disclosed that '[a]ll financial decisions had to be approved by Bohicket with John Roche being the only member with a vote.'"

*Farkas v. MLMC, et al.*
Case No.: 1:16-cv-07357
Defendant's Motion to Dismiss
and\or For More Definite Statement
Page 6 of 12

"Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*.

It is conceivable that Plaintiffs intended to include Phillips in one or more of the allegations regarding "Defendants" in the Complaint. However, because a number of references to "Defendants" clearly were not intended to include Phillips, it is impossible to know which "Defendants" are alleged to include Phillips and which are not.

Frankly, this appears to be Plaintiffs' intention. Because they cannot allege <u>any</u> overt actions taken by Phillips which would support a claim against him, Plaintiffs have confusingly clustered him with others who are alleged to have committed wrongs against Plaintiffs long before Phillips had become involved with MLMC. This is improper. Plaintiffs have not sufficiently pled a claim against Phillips for breach of fiduciary duty. Plaintiffs' Complaint therefore fails to state a claim for breach of fiduciary duty, and this count must be dismissed.

### B. Civil Conspiracy

Separate and apart from the breach of fiduciary duty claim, Plaintiffs advance civil conspiracy claims against Phillips and other Defendants. "Under New York law, there is no independent tort for [civil] conspiracy." *Ray Legal Consulting Group v. DiJoseph*, 37 F. Supp. 3d 704, 722 (S.D.N.Y. 2014) (*Internal citations omitted*). As a result, a claim for civil conspiracy may only lie if it is connected to a separate underlying tort. *Id*.

"To establish a claim of civil conspiracy, a plaintiff must demonstrate the underlying tort, plus the following four elements: [i] an agreement between two or more parties; [ii] an overt act in furtherance of the agreement; [iii] the parties' intentional participation in the furtherance of a

*Farkas v. MLMC, et al.*
Case No.: 1:16-cv-07357
Defendant's Motion to Dismiss
and\or For More Definite Statement
Page 7 of 12

plan or purpose; and, [iv] resulting damage or injury." *Id.*, citing *Meisel v. Grunberg*, 651 F.Supp.2d 98, 119 (S.D.N.Y.2009).

"Stated differently, the plaintiff must establish facts which support an inference that defendants knowingly agreed to cooperate in a fraudulent scheme, or shared a perfidious purpose." *Ray Legal Consulting Group, citing to IMG Fragrance Brands, LLC v. Houbigant, Inc.*, 759 F.Supp.2d 363, 386 (S.D.N.Y.2010) (quoting Snyder v. Puente De Brooklyn Realty Corp., 297 A.D.2d 432, 435, 746 N.Y.S.2d 517 (3d Dep't 2002)). Plaintiffs have not alleged <u>any facts</u> which, if true, support an "an inference that defendants knowingly agreed to cooperate in a fraudulent scheme, or shared a perfidious purpose." *Id*.

Moreover, because Plaintiffs have failed to sufficiently state a claim for breach of fiduciary duty, Plaintiffs' claim for civil conspiracy must likewise be dismissed.

## II. MOTION FOR MORE DEFINITE STATEMENT (In the alternative)

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e) provides in part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

The Rule is "designed to remedy unintelligible pleadings, not to correct for lack of detail." *In re MTBE Prods. Liab. Litig.*, No. 00 Civ. 1898, MDL 1358, 2005 WL 1500893, at *2 (S.D.N.Y. June 24, 2005). Motions under Rule 12(e) are disfavored because of their dilatory nature. *In re European Rail Pass Antitrust Litig.*, 166 F.Supp.2d 836, 844 (S.D.N.Y.2001). "The preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of

*Farkas v. MLMC, et al.*
Case No.: 1:16-cv-07357
Defendant's Motion to Dismiss
and\or For More Definite Statement
Page 8 of 12

the claims made in the pleadings." *Tagare v. NYNEX Network Sys. Co.*, 921 F.Supp. 1146, 1153 (S.D.N.Y.1996).

That said, a motion for more definite statement under Rule 12(e) "is appropriate in narrow circumstances, namely, where a pleading is sufficiently intelligible for the district court to make out one or more potentially viable legal theories on which claimant might proceed – thus precluding dismissal under Rule 12(b)(6) – but where the pleading is so vague or ambiguous that the opposing party cannot respond to it ... with a pleading that can be interposed in good faith or without prejudice to himself." *Bldg. Serv. 32BJ Health Fund v Team Clean, Inc.*, 2015 LRRM (BNA) 185443 (SDNY June 29, 2015) (Internal quotations marks and citations omitted).

The Plaintiffs' Complaint is so vague or ambiguous that Phillips cannot reasonably be required to frame a responsive pleading. A more definite statement is required independently on two alternate and distinct grounds:

### A. *Shotgun Pleading*

In Plaintiffs' Complaint, the first paragraph of each and every cause of action incorporates by reference all of the preceding paragraphs. This is what is known as a "shotgun pleading." As the Eleventh Circuit has explained, when "shotgun pleadings" contain multiple causes of action, it may become "virtually impossible to know which allegations of fact are intended to support which claims." *Anderson v. District Bd. of Trustees of Cent. Fla. Community College*, 77 F.3d 364, 367 (11th Cir. 1996).

When faced with a shotgun pleading that contains an excessive number of indiscriminately incorporated allegations, a Rule 12(e) motion is a proper response. *Id.* Rule 12(e) can be an "appropriate vehicle to pare down 'shotgun' pleadings" as long as its "exercise [is] cast in the mold

*Farkas v. MLMC, et al.*
Case No.: 1:16-cv-07357
Defendant's Motion to Dismiss
and\or For More Definite Statement
Page 9 of 12

of strictest necessity." *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.*, 67 ERC 2014 (S.D.N.Y. 2008) citing to *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 233 (D.N.J.2003). The decision to grant a motion for a more definite statement is within the discretion of the trial court. *MTBE citing to Vaden v. Lantz*, 459 F.Supp.2d 149, 150 (D.Conn.2006).

Plaintiffs use this impermissible "shotgun pleading" to mask the fact that their claims are circular, vague and cannot logically apply to Phillips, as pled. By incorporating every detailed paragraph into each and every cause of action, the basis for the claims becomes muddled. See *Byrne*, 261 F.3d at 1029-30; *Anderson*, 77 F.3d at 367; *King*, 2010 U.S. Dist. LEXIS 110012 at *9-*11; *Kim*, 708 F.Supp.2d at 1090-91.

Plaintiff is required to connect his claims to supporting facts. The failure to identify claims with sufficient clarity to enable the defendants to form a response constitutes a "shotgun" pleading. *Danow v. Borack*, 197 Fed. Appx. 853, 855 (11th Cir. 2006). A more definite statement is therefore required.

### B. *Vague and Confusing Use of "Defendants"*

Plaintiffs' use of the term "Defendants" throughout the Complaint is vague and confusing because the term appears to mean different parties at different times. Each of Plaintiffs' causes of action simply refer generally to "Defendants" and each cause of action incorporates all prior factual allegations in the complaint making it impossible for each Defendant to know which specific acts form the basis of each cause of action against that particular Defendant. Neither this Court nor the Defendant are required to "sift through the facts presented and decide for itself which were material to the particular cause of action asserted" against each Defendant. *See, Beckwith v. Bellsouth Telcoms., Inc.*, 146 Fed. Appx. 368, 372 (11th Cir. 2005) (explaining that one problem with the

*Farkas v. MLMC, et al.*
Case No.: 1:16-cv-07357
Defendant's Motion to Dismiss
and\or For More Definite Statement
Page 10 of 12

complaint was that it was "virtually impossible to ascertain what factual allegations correspond with each claim and which claim is directed at which defendant.").

Rule 12(e) allows defendants to move for a more definite statement when a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). The movant must "point out the defects complained of and the details desired." *Williams v. City of New Rochelle*, 13-CV-3315 NSR, 2014 WL 2445768, at *2 (S.D.N.Y. 2014).

Without a more definite statement, Phillips does not have notice of the claims against him and literally cannot frame a responsive pleading to the complaint. A more definite statement is necessary to ascertain who allegedly did what to whom. Specifically, a more definite statement is necessary to identify which Defendants are referred to in the allegations referring to "Defendants" in paragraphs 2, 3, 4, 5, 6, 7, 16, 41, 42, 49, 57, 58, 59, 60, 61, 67, 73, 80, 82, 83, 84, 109, 111, 113, 114, 115, 116, 117, 119, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 132, 133, 134, 135, 136, 137, 138, 140, 141, 142, 143, 144, 145, 149, 152, 153, 155, 156, 157, 158, 159, 160, 162, 166, 168, 169, 171, 172, 173, 174, 176, 177, 179, 180, 182, 183, 184, 185, 186, 188, 189, 190, 191, 193, 194, 196, 197, 198, 199, 200, 202, 207 and 208.

Furthermore, Plaintiffs must be required to identify and specify what actions Phillips is alleged to have taken in his individual capacity. S*ee, e.g, In re ITT Corp. Derivative Litig.*, 588 F. Supp. 2d 502, 511 (S.D.N.Y. 2008) ("Whether the Directors face a substantial likelihood of liability must be determined on a director-by-director basis, and thus Plaintiffs' conflation of all the directors into a single entity is insufficient under Rule 23.1.") In the Complaint, Plaintiffs allege Phillips and all Defendants were "control persons" within the meaning of the Securities

*Farkas v. MLMC, et al.*
Case No.: 1:16-cv-07357
Defendant's Motion to Dismiss
and\or For More Definite Statement
Page 11 of 12

Exchange Act. However, almost all of the activities complained of by Plaintiffs pursuant to that Act appear on the face of the Complaint to have been taken before Phillips became involved with Plaintiffs in any respect. The acts of Phillips versus the other Defendants must be specified so that Phillips is placed on notice of the acts he is accused of taking and the basis for claiming such actions result in Phillips' liability.

The Plaintiffs' Complaint is so vague or ambiguous that Phillips cannot reasonably be required to frame a responsive pleading. A more definite statement is therefore required.

## **CONCLUSION**

For the foregoing reasons, Phillips respectfully requests that this Court consider his Motion for More Definite Statement in light of the instruction and guidance offered by the authority cited herein, and require Plaintiffs to revise their complaint so as the clarify the vague and ambiguous statements described herein, and to dismiss Plaintiffs' Complaint for their failure to state a claim for relief against Defendant Phillips.

Respectfully submitted,

By: *s/ Denise J. Bleau*
Denise J. Bleau, Esq.
Florida Bar No. 599514
*Attorney for William L. Phillips*
WARD DAMON POSNER
PHETERSON & BLEAU
4420 Beacon Circle
West Palm Beach, FL 33407
Tel. (561) 842-3000
Fax. (561) 842-3626
Primary: litservice@warddamon.com
Secondary: dbleau@warddamon.com
Secondary: msaunders@warddamon.com

*Farkas v. MLMC, et al.*
Case No.: 1:16-cv-07357
Defendant's Motion to Dismiss
and\or For More Definite Statement
Page 12 of 12

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 8, 2016, a true copy of the foregoing was filed with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record on the Service List below.

                                 s/ *Denise J. Bleau*
                                 Denise J. Bleau, Esq.
                                 Florida Bar No. 599514

## SERVICE LIST

Edward Casmere
Riley Safer Holmes & Cancila LLP
70 W. Madison Street
Chicago, IL 60604
ecasmere@rshc-law.com

Ryan Paul Poscablo
Riley Sagfer Holmes & Cabcia LLP
85 Broad Street, 28th Floor
New York, NY 10004
rposcablo@rshc-law.com

*Attorneys for Plaintiffs*