**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

BENJAMIN FARKAS, JULIE FARKAS, and
SILPAN PATEL,

                      Plaintiffs,               **16-cv-07357 (RA)**

- v. -

MATERIALS LIFECYCLE MANAGEMENT
COMPANY f/k/a/ INTERNATIONAL PAPER
PRODUCTS CORPORATION, HIGH
HAMMOCK, LLC f/k/a BOHICKET MLMC, LLC,
MARK A. DUPUIS, STEVEN P. WOICIK, JOHN
B. ROCHE, WILLIAM L. PHILLIPS, AND
DANIEL A. COLUSSY.

                      Defendants.

---

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO THE**
**MOTIONS TO DISMISS AND/ OR FOR A MORE DEFINITE**
**STATEMENT FILED BY DEFENDANTS COLUSSY AND PHILLIPS**

## PRELIMINARY STATEMENT

Defendants Daniel A. Colussy ("Colussy") and William L. Phillips ("Phillips") (collectively, the "Moving Defendants") are members of the five-person Board of Directors of Materials Lifecycle Management Corporation ("MLMC").   Together with the remaining defendants named in this lawsuit, the Moving Defendants duped unaccredited investors Benjamin Farkas, Julie Farkas and Silpan Patel ("Plaintiffs") into investing in unregistered securities in MLMC.   Colussy and Phillips then systematically engaged in self-dealing by approving close to $20 million in "loans" to MLMC that were underwritten by a company they owned and controlled. MLMC, presented to Plaintiffs and other investors as a strong, growing company, was actually always on the verge of financial collapse.   Colussy and Phillips, as control members of the Board, knew MLMC's true financial condition, but misrepresented it to Plaintiffs, and ultimately orchestrated a scheme to extinguish Plaintiffs' investments in MLMC.

The Complaint more than adequately describes the breach of fiduciary duty, and civil conspiracy claims against Colussy and Phillips, including their knowledge and reckless disregard of the fraudulent information disseminated to Plaintiffs to induce them to invest, and then to keep their investment, in MLMC. As described below, the Complaint includes specific references to communications and omissions, by both Colussy and Phillips, and by the leadership and Board of Directors generally, to support Plaintiffs' allegations.   Despite the specific factual allegations in the Complaint against them, Colussy and Phillips filed identical motions superficially arguing that there are "no factual allegations" against them.[1]  In light of Plaintiffs' detailed allegations in the

---

[1] Colussy and Phillips retained the same counsel, who filed a Motion on Colussy's behalf on November 3, 2016, and an almost identical Motion for Phillips on November 8, 2016. (*See* Dkt. Nos. 16, 18.) Phillips was served on October 6, 2016, and was required to file his answer by October 27, 2016 pursuant to Federal Rule of Civil Procedure 12. Further, the only difference between the two motions is on page 6 of each brief, which lists specific paragraphs in the Complaint referencing Colussy and Phillips.

Complaint, Plaintiffs respectfully request that the Court deny Colussy and Phillips' motions to dismiss.

## FACTUAL ALLEGATIONS

MLMC was marketed to Plaintiffs, unaccredited investors, as a legitimate and rapidly expanding materials management company, with patented and proprietary alternative fuels technology. (Compl. ¶ 32.) In reality, however, MLMC was a company with no real business, unproven technology, that was always teetering on the brink of financial collapse.  MLMC fraudulently raised, and retained, millions of dollars from unsuspecting investors through illegal and unregistered securities offerings. (Compl. ¶¶ 3-4.)   Plaintiffs were solicited to, and ultimately did, purchase their shares in early 2013. (Compl. ¶ 127.)   Plaintiffs were thereafter continuously induced to retain their shares in the company.   (Compl. ¶¶ 6, 127-137.)

Colussy and Phillips are members of MLMC's Board and are control persons of MLMC. (Compl. ¶¶ 24, 107.) They are close associates of co-defendant John B. Roche ("Roche"), the President and CEO of MLMC, and all are also investors in defendant High Hammock, LLC f/k/a Bohicket MLMC, LLC ("Bohicket"), a company controlled by Roche. (Compl. ¶¶ 9, 23, 25, 76, 88.)   MLMC, through Roche, Colussy, and Phillips, orchestrated at least eight (8) unfavorable loan deals between MLMC and Bohicket from 2013 to 2016 in order to raise capital.   Ultimately, these loans benefitted Roche, Colussy, Phillips and others to Plaintiffs' detriment. (Compl. ¶¶ 8, 10, 25.)   In an April 2016 letter, Roche, Colussy, Phillips and the rest of the MLMC Board advised MLMC's investors, including Plaintiffs, that Bohicket (Roche, Colussy, and Phillips' other company and the holder of MLMC's debt) was going to accelerate MLMC's entire debt and foreclose on all of MLMC's assets. (Compl. ¶¶ 98 – 101.)   The letter threatened that unless existing MLMC shareholders agreed to surrender their shares in exchange for a right to invest new money in a new company controlled by defendants Roche, Colussy and Philips, MLMC would

"cease operations," and individual shareholders would be left with nothing. (*Id.*) Despite the overt threat to take away their shares if they refused to vote in favor of the new company, Plaintiffs executed their "no" votes on April 26, 2016 and April 27, 2016. Plaintiffs have not been informed of the outcome of the foreclosure vote and have received no communication from MLMC or any of the Defendants since April 2016. (Compl. ¶¶ 103-104.)

## LEGAL STANDARDS

### I.        12(B)(6) MOTION TO DISMISS

A "motion to dismiss for failure to state a claim is disfavored and is seldom granted." *Compudyne Corp. v. Shane*, 453 F. Supp. 2d 807, 817 (S.D.N.Y. 2006) (citing *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (other citation omitted). In deciding a motion to dismiss under Rule 12(b)(6), courts must accept "all factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and draw "all inferences in the light most favorable" to plaintiffs. *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (citation omitted). Factual allegations of a complaint should be liberally construed and need do no more than raise a right to relief above mere speculation, *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008), by "plausibly suggest[ing]" that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009). The pleadings need only contain " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' . . . to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)).

Defendants' Motions should be denied because Plaintiffs have alleged sufficient factual content to allow the Court "to draw the reasonable inference that [Colussy and Phillips are] liable for the misconduct alleged." *Wilson v. Merrill Lynch & Co, Inc.*, 671 F.3d 120, 128 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

## II.    12(E) MOTION FOR A MORE DEFINITE STATEMENT

A Rule 12(e) motion should be denied unless the pertinent portion of "the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.*, 233 F.R.D. 133, 134-35 (S.D.N.Y. 2005) (internal quotation marks omitted). The purpose of the rule is "to remedy unintelligible pleadings, not to correct for lack of detail." *Id.* at 134; *See also Acco, Ltd. v. Rich Kids Jean Corp.*, No. 15-Civ-7425, 2016 WL 3144053, *4 (S.D.N.Y. Apr. 11, 2016) (denying 12(e) motion and holding that although paragraph 29 of the complaint was "not a model of specificity," it was "perfectly intelligible" and "not excessively vague" so as to prejudice the defendants, and noting that "a Rule 12(e) motion is not a substitute for discovery.") Plaintiffs have set forth plainly intelligible allegations to provide the Moving Defendants with sufficient notice of their claims and the Defendants' Motion should be denied

## ARGUMENT

## I.    THE COMPLAINT PLAUSIBLY ALLEGES THAT COLUSSY AND PHILLIPS BREACHED THE FIDUCIARY DUTY THEY OWED TO PLAINTIFFS.

To allege a claim of breach of fiduciary duty under New York law, plaintiffs need only allege facts supporting "the existence of a fiduciary relationship, misconduct by [defendants], and damages directly caused by [defendants'] misconduct." *Margrabe v. Sexter & Warmflash, P.C.*, 353 F. App'x 547, 549 (2d Cir. 2009) (citation and internal quotation marks omitted); *Neogenix Oncology, Inc. v. Gordon*, 133 F. Supp. 3d 539, 553 (E.D.N.Y. 2015). Plaintiffs have done so here.

The threshold for alleging the existence of a fiduciary duty is not particularly high. New York law requires that a fiduciary relationship "exhibit the characteristics of 'de facto control and dominance.'" *Doe v. Roman Catholic Diocese of Rochester*, 907 N.E.2d 683, 683 (N.Y. 2009) (citation omitted). This means that a fiduciary relationship "exists only when a person reposes a

high level of confidence and reliance in another, who thereby exercises control and dominance over him." *People ex rel. Cuomo v. Coventry First LLC*, 915 N.E.2d 616, 620 (N.Y. 2009). "[D]etermining the existence of a fiduciary relationship requires a fact-specific inquiry," *St. John's Univ., N.Y. v. Bolton*, 757 F. Supp. 2d 144, 166 (E.D.N.Y. 2010), but is not subject to any "rigid formula[]." *Scott v. Dime Sav. Bank of N.Y., FSB*, 886 F. Supp. 1073, 1078 (S.D.N.Y. 1995); *Neogenix Oncology, Inc.*, 133 F. Supp. 3d at 553. Thus, **a *"claim alleging the existence of a fiduciary duty usually is not subject to dismissal under Rule 12(b)(6)*."** *Abercrombie v. Andrew Coll.*, 438 F. Supp. 2d 243, 274 (S.D.N.Y. 2006) (emphasis added).

In this case, the Moving Defendants' motions to dismiss should be denied because Plaintiffs have sufficiently pleaded that Colussy and Phillips owed Plaintiffs a fiduciary duty in their role as active MLMC board members and control persons. As close associates of Roche and investors in defendant Bohicket, Colussy and Phillips were involved in the scheme to defraud Plaintiffs of their investment in what amounts to a clear breach of fiduciary duty. (*See* Compl. ¶ 137.)   For example, demonstrating his direct involvement in MLMC operations and in the scheme to defraud Plaintiffs, the Complaint alleges that Colussy specifically reached out to Plaintiffs via email to emphasize that Roche was "MLMC's President and major investor." (Compl. ¶ 24, 92.) Phillips was also actively involved in the scheme, acknowledging the MLMC fraud in an email where he accused Dupuis of mismanaging MLMC's finances, and ceded control of the company to Roche "as the only member of Bohicket and sole decision maker regarding all financial matters." Phillips' email disclosed that "[a]ll financial decisions had to be approved by Bohicket with John Roche being the only member with a vote." (Compl. ¶ 97.)

In their positions of control, Colussy and Phillips directed the management and actions of MLMC and have breached their fiduciary duty to Plaintiffs. (Compl. ¶ 107.) Indeed, the fraud

alleged in the Complaint is not limited to Plaintiffs' initial investment, but extends to MLMC's repeated efforts (as directed by Colussy and Phillips among others) to induce Plaintiffs to retain their shares once purchased. (Compl. ¶¶ 127-137, 150.) Because these allegations sufficiently set forth a claim for breach of fiduciary duty against both Colussy and Phillips, their motions to dismiss should be denied.

## II.   THE COMPLAINT PLAUSIBLY ALLEGES THAT COLUSSY AND PHILLIPS CONSPIRED TO DEFRAUD PLAINTIFFS.

New York law recognizes a claim for civil conspiracy where "there is evidence of an underlying actionable tort." *Rusyniak v. Gensini*, 629 F. Supp. 2d 203, 226-227 (N.D.N.Y. 2009) (allowing breach of fiduciary and civil conspiracy claims in shareholder action). To allege a civil conspiracy, Plaintiffs need only allege "the underlying tort, plus the following four elements: (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and, (4) resulting damage or injury." *Reich v. Lopez*, 38 F. Supp. 3d 436, 461 (S.D.N.Y. 2014) (quoting *Treppel v. Biovail Corp.*, No. 03-Civ-3002, 2005 WL 2086339 (S.D.N.Y. Aug. 30, 2005)).

The *Rusyniak* case is particularly instructive. In *Rusyniak*, plaintiff brought an action against the directors of a corporation who usurped his authority and took over the corporation, raising claims of fraud, breach of fiduciary duty, and civil conspiracy. 629 F. Supp. 2d at 207-212. The defendants took over the corporation during a shareholder meeting without giving the plaintiff notice of the meeting, where they decided that plaintiff had forfeited his shares. *Id.* at 218. The court held that the plaintiff sufficiently pled his claims for civil conspiracy, and the breach of fiduciary duty was an underlying actionable tort. *Id.* at 226-227. The court's findings are strikingly similar to the facts in this case:

> [T]he alleged email messages, telephone calls and meetings collectively constitute a sufficient pleading of an agreement between two or more people to sell Concha Futura assets without notifying or compensating Plaintiffs. The Court also finds that the alleged meetings, as well as the alleged sale of the assets, constitute a sufficient pleading of an overt act in furtherance of this agreement. The Court further finds that the alleged email messages, telephone calls, meetings and sale of assets collectively constitute a sufficient pleading of intentional participation on the part of [Defendants], as well as resulting damages. Finally, the Court finds that Plaintiffs have sufficiently alleged an underlying actionable tort that was the object of the alleged conspiracy, namely, fraud, breach of fiduciary duty and/or violation of Panamanian corporate law.

*Id.* at 227.

Similarly, the underlying tort in this case is the clear breach of fiduciary duty by the Moving Defendants. Plaintiffs have also sufficiently alleged that Colussy and Phillips intentionally participated in an agreement with the other MLMC members in furtherance of breaching their fiduciary duties by sending emails to Plaintiffs that acknowledged the fraud. (*See* Compl. ¶¶ 92, 97.) Moreover, Colussy and Phillips acted in furtherance of the conspiracy by completely disregarding Plaintiffs' concerns about their investments. (*See* Compl. ¶ 6.) Because Plaintiffs have sufficiently pleaded the elements for a conspiracy, the Moving Defendants' Motion should be denied.

### III.   THE 12(E) MOTIONS FOR A MORE DEFINITE STATEMENT SHOULD BE DENIED BECAUSE THE COMPLAINT IS FAR FROM "EXCESSIVELY VAGUE AND AMBIGUOUS."

Although Colussy and Phillips concede that Plaintiffs' Complaint is extremely detailed with "particular factual and historical details," they nevertheless argue that it is vague and insufficiently pled. (Defs.' Br. 2-5.)  These conflicting arguments do not make sense in light of the over 200 paragraphs detailing the numerous other facts demonstrating the involvement of Colussy and Phillips in breaching their fiduciary duties and participating in a scheme to perpetuate the fraud against Plaintiffs.   The Complaint sufficiently places the Moving Defendants on notice

-8-

of the claims against them for actively participating in the MLMC and Bohicket fraud. Without their involvement, substantial assistance, and disregard of their responsibilities as detailed above, the scheme could not have been successful, and Plaintiffs would not have suffered their monetary loss. Because the Moving Defendants cannot seriously argue that the Complaint is "so excessively vague and ambiguous" as to unfairly prejudice them in answering, their Motions should be dismissed.

## LEAVE TO AMEND

To the extent that this Court might consider granting Defendants' motions to dismiss, leave to amend should be granted pursuant to Federal Rule of Civil Procedure 15(a). Plaintiffs are working diligently to uncover additional evidence as to the particulars of defendants' fraud, breach of fiduciary duty, and conspiracy.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the motions

to dismiss and/ or for a more definite statement filed by Colussy and Phillips.


Dated: November 17, 2016                     Respectfully submitted,

                                             By: */s/ Ryan P. Poscablo*

                                             Ryan P. Poscablo (NY 4086351)
                                             Edward Casmere (NY 4448866)
                                             Jacob L. Kahn (IL 6296867)*
                                             Patricia T. Mathy (IL 6316515)*
                                             Eliberty Lopez (NY 5220025)
                                             RILEY SAFER HOLMES & CANCILA LLP
                                             85 Broad Street, 18th Floor
                                             New York, NY 10007
                                             Tel. (212) 660-1030
                                             rposcablo@rshc-law.com
                                             ecasmere@rshc-law.com
                                             jkahn@rshc-law.com
                                             pmathy@rshc-law.com
                                             elopez@rshc-law.com
                                             * to seek pro hac vice admission

                                             *Attorneys for Plaintiffs Benjamin Farkas, Julie Farkas, and Silpan Patel*

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2016, I caused a copy of the foregoing **Plaintiffs'**

**Opposition to Defendants' Motions to Dismiss and/ or for a More Definite Statement** to be

served on all counsel of record pursuant to ECF as to filing users.


Dated: November 17, 2016                    Respectfully submitted,

                                                      By: */s/ Ryan P. Poscablo*

                                                      Ryan P. Poscablo